## OAKEY EX PARTE.

*In the matter of the Estate of* DANIEL OAKEY, *deceased.*

WHERE the testator provided that advances to his children should be charged on their respective shares of his estate.—Held, that an advance to his son-in-law, made without the consent or privity of his wife, could not be charged against the share of the latter ; she having survived her husband, the legacy never having·been reduced into possession, and being bequeathed in trust for her sole benefit.

Held, also, that another advancement made with the consent of the wife could be charged against her share.

Interest is not allowed on advances, unless directed to be charged by the terms of the will. Otherwise interest runs only from the period when the legacy falls due, which ordinarily is a year after the testator's death.

THE SURROGATE. The testator provided in his will, that in whatever cases he had advanced and paid to any of his children, or on their account, any money for their benefit or advancement, such sums should be a charge on their shares of his estate.

In the year 1844, he advanced to his son-in-law, Jonathan Ogden, two thousand dollars; and in 1845, the further sum of five thousand dollars. Mr. Ogden survived the testator but a short period.

The advance of $2000, appears to have been made without the privity or consent of Mrs. Ogden. The money was neither paid to her, nor on her account, nor at her request. Even if the gift to her had been absolute, so that her husband might have reduced it into possession, still having failed to exercise this right, the wife's title by survivorship, would be unimpaired by any claim or set-off against her deceased husband. When a legacy is given to a married woman generally, nothing but actual payment to the husband, or a release of the legacy by him, will be a discharge as against the wife surviving. (*Adams* vs. *Lavender*,

36

*McClel. & Y. Ex.*, 41 ; *Harrison* vs. *Andrews*, 13 *Sim.*, 595.) In the present instance, the legacy to the wife is not absolute, but is placed in trust for her benefit, free from the control of her husband ; and it is obvious, therefore, that a payment or advancement to her husband before the testator's death, ought not to be charged on her separate estate or be deducted therefrom, without her consent, any more than such a payment after the testator's death. To sustain such a charge, would come within neither the letter nor the spirit of the clause of the will in question.

As to the advance of $5000, it was made with the consent of Mrs. Ogden, and its deduction from her share is not objected to by her, but an inquiry is raised as to the extent to which interest is chargeable on it. Nothing is said in the will as to interest, and in the absence of any express direction on that point, no more can be deducted from the share of the legatee than the principal sum advanced. This has relation, however, to the period when the legacy became payable. In *Andrewes* vs. *George*, 3 *Simon's R.*, 389, interest was computed on advancements made by a father to his children, from the time when the property was divisible amongst them. I have no doubt that is a sound rule ; and the estate in this case not being distributable until the expiration of a year from the testator's death, interest can be allowed on the advance of $5000 only from that time.